1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT K. WAITT, on his own behalf and
on behalf of all individuals and entities
similarly situated,

        Plaintiff,

    v.

MERCK & COMPANY, INC., *et al.*,

        Defendants.

Case No.  C05-0759L

ORDER REGARDING MOTION TO
STAY AND MOTION TO REMAND

## I.  Introduction

This matter comes before the Court on defendant Merck and Company, Inc.'s ("Merck") "Motion to Stay Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation."  In response, plaintiff filed an "Opposition to Motion to Stay and Cross-Motion to Remand for Lack of Subject Matter Jurisdiction."  For the reasons set forth herein, the Court denies both Merck's motion to stay and plaintiff's request to remand.

## II.  Background

On April 6, 2005, plaintiff Robert Waitt filed a class action complaint in King County Superior Court.  The complaint sets forth a number of causes of action for economic damages associated with the recall of the drug Vioxx.  Specifically, the complaint alleges that Merck failed to reimburse plaintiff for the cost of his unused Vioxx, as promised, and subsequently

ORDER REGARDING MOTION TO
STAY AND MOTION TO REMAND- 1

1  refused to return the unused Vioxx to him.  Merck, the drug's manufacturer, removed the matter

2  to federal court pursuant to 28 U.S.C. §§ 1441 & 1332(d).  Merck now moves to stay the case

3  pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML") as to whether

4  this case is to be consolidated with those currently pending before Judge Fallon in the Eastern

5  District of Louisiana.[1]  Plaintiff argues that this matter is not appropriate for consolidation and,

6  accordingly, that a stay is not warranted.  Moreover, plaintiff argues that removal was improper

7  and moves to remand the matter to state court.  Merck counters that this Court should not rule on

8  plaintiff's motion to remand, contending that it is for the transferee court in Louisiana to

9  consider.  This Court disagrees.  See Tortola Restaurants v. Kimberly Clark Corp., 987 F. Supp.

10  1186, 1188 (N.D. Cal. 1997) ("A putative transferor court need not automatically postpone

11  rulings on pending motions, or in any way generally suspend proceedings, merely on grounds

12  that an MDL transfer motion has been filed.").  Consequently, the Court will first address

13  plaintiff's motion to remand for lack of subject matter jurisdiction and then turn to Merck's

14  motion to stay.

**III. Discussion**

**A.    Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction.**

17        The resolution of issues raised by the motion to remand turns upon the recently enacted

18  Class Action Fairness Act ("CAFA"), and specifically upon whether it places the burden of

19  proof for the propriety of removal upon the plaintiff or the defendant.[2]  Plaintiff argues that

---

21        [1] Judge Fallon was selected by the JPML to preside over the great many cases filed around the
22  nation that involve the health risks associated with Vioxx.  On June 13, 2005, the JPML issued a
   Conditional Transfer Order ("CTO") that included this case.  Plaintiff opposed the CTO, and the JPML's
23  final decision on transfer is pending.

24        [2] As plaintiff points out in his cross-motion, the customary rule governing removal and remand
   provides that the party invoking federal jurisdiction bears the burden of demonstrating its existence, Steel
25  Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998); any doubt as to the propriety of removal is
   resolved in favor of remand.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The issue before
26  the Court, then, is essentially one of statutory construction (i.e., whether CAFA modifies the customary
   rule) rather than one predicated upon the traditional legal standard for remand.

1     CAFA does not modify the existing standard for remand because the statute itself is void of

2     language providing for such modification.  Merck counters that it was Congress' intent, as

3     evidenced by CAFA's legislative history, to place the burden of showing that removal was

4     improper upon the party moving for remand.  Neither the Court nor the parties, as is evident

5     from their briefing, could find published case law addressing this issue; the matter appears to be

6     one of first impression in federal jurisprudence.

7         In cases of statutory construction, the Court's task is to "interpret the words of the statute

8     in light of the purposes Congress sought to serve."  <u>Norfolk Redevelopment & Hous. Auth. v.</u>

9     <u>Chesapeake & Potomac Tel. Co. of Va.</u>, 464 U.S. 30, 36 (1983).  CAFA, which is codified at

10    various places in Title 28 of the United States Code, effects its relevant changes upon 28 U.S.C.

11    § 1332, colloquially known as the diversity jurisdiction statute.  Regarding these changes, the

12    Senate Committee on the Judiciary stated: "[o]verall, new section 1332(d) is intended to expand

13    substantially federal court jurisdiction over class actions.  Its provisions should be read broadly,

14    with a strong preference that interstate class actions should be heard in a federal court if

15    properly removed by any defendant."  S. Rep. No. 109-14, at 43 (2005).  That is, CAFA is

16    designed to permit federal courts to hear more interstate class actions and to relax the barriers

17    facing defendants who seek to remove qualifying class actions to federal court.  <u>See id.</u> at 5.

18         With specific regard to removal and remand, plaintiff correctly points out that CAFA

19    itself lacks burden-shifting language.  However, notwithstanding the absence of explicit

20    statutory provisions, it is not difficult to divine Congressional intent from CAFA's legislative

21    history:

22          Pursuant to new subsection 1332(d)(6), the claims of the individual class members
23         in any class action shall be aggregated to determine whether the amount in
            controversy exceeds the sum or value of $5,000,000 . . . .  The Committee intends this
24         subsection to be interpreted expansively.  If a purported class action is removed
            pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the
25         burden of demonstrating that the removal was improvident (i.e., that the applicable
            jurisdictional requirements are not satisfied).  And if a federal court is uncertain about
26         whether 'all matters in controversy' in a purported class action 'do not in the
            aggregate exceed the sum or value of $5,000,000,' the court should err in favor of

27

28    ORDER REGARDING MOTION TO
     STAY AND REQUEST FOR REMAND- 3

1  exercising jurisdiction over the case.

2  Id. at 42. The Senate Committee on the Judiciary also stated:

3      It is the Committee's intention with regard to each of these exceptions that the party
       opposing federal jurisdiction shall have the burden of demonstrating the applicability
4      of an exemption. Thus, if a plaintiff seeks to have a class action remanded under
       section 1332(d)(4)(A) on the ground that the primary defendants and two thirds or
5      more of the class members are citizens of the home state, that plaintiff shall have the
       burden of demonstrating that these criteria are met by the lawsuit. Similarly, if a
6      plaintiff seeks to have a purported class action remanded for lack of federal diversity
       jurisdiction under subsection 1332(d)(5)(B) . . . that plaintiff should have the burden
7      of demonstrating that 'all matters in controversy' do not 'in the aggregate exceed the
       sum or value of $5,000,000, exclusive of interest and costs' or that 'the number of all
8      proposed plaintiff classes in the aggregate is less than 100.'

9  Id. at 44; see also id. at 43 ("it is the intent of the Committee that the named plaintiff(s) should

10 bear the burden of demonstrating that a case should be remanded to state court (e.g., the burden

11 of demonstrating that more than two-thirds of the proposed class members are citizens of the

12 forum state).").[3]

13      Based on the foregoing legislative history, the Court holds that Merck's reading of

14 CAFA is the correct one and that it is plaintiff's responsibility to demonstrate that removal from

15 state court was improvident. See, e.g., Michael J. Mueller & Tobias E. Zimmerman, The Brave

16 New World of Removal Practice Under the Class Action Fairness Act, 12 No. 3 Andrews Class

17 Action Litig. Rep. 18 at p. 25 (2005) ("[Courts can] find support in [CAFA's] . . . legislative

18 history that indicates that Congress intended to place the burden on the opponent of federal

19 jurisdiction. It is entirely plausible that courts will develop a new test whereby, once a

20 defendant has proven diversity of parties under Section 1332(d)(2), the burden will then fall on

21 the plaintiffs to show that remand is nonetheless warranted"). Plaintiff's lone attempt to

22 discharge this burden is to argue that he has made a prima facie showing that his damages do not

23 meet the $5,000,000 amount in controversy requirement contained in 28 U.S.C. § 1332(d).

24 Reply at 3 (claiming damages in the amount of $76.27). However, plaintiff's reply fails to

25 

26      [3] Plaintiff's claims that the Report of the Senate Committee on the Judiciary is "cryptic" and
27 requires a "strained process of deduction" are not well-founded. See Reply at 5.

   ORDER REGARDING MOTION TO
28 STAY AND REQUEST FOR REMAND- 4

include any of the economic damages suffered by the nationwide class he purportedly represents and similarly fails to mention that his complaint requests treble and/or punitive damages.  In short, plaintiff has not met his burden; it follows that remand to state court in inappropriate.

**B.      Merck's Motion to Stay.**

Merck contends that the Court should stay the proceedings because: (1) the present suit involves facts similar to those in the cases consolidated in Louisiana; and (2) it will save judicial resources and avoid conflicting rulings.  The significance of Merck's second contention, however, is contingent upon the truth of the first.  That is, there is no risk of conflicting rulings or inefficient use of resources when the issues being litigated are factually distinct.  Despite Merck's efforts to paint plaintiff's complaint as akin to those pending before Judge Fallon, and therefore a likely "tag-along action" under 28 U.S.C. § 1407, the fact of the matter is that they are quite different.

The Rules of Procedure of the JPML define a "tag-along action" as one "involving common questions of fact with actions previously transferred under Section 1407."  199 F.R.D. 425 (2001).  According to the JPML's Transfer Order, the questions of fact before Judge Ellon in the Eastern District of Louisiana all involve the alleged health risks associated with Vioxx. See Hoffman Decl., Ex. A (stating that the consolidation of certain Vioxx cases in Louisiana is warranted under 28 U.S.C. § 1407 because "[a]ll actions focus on the alleged increased health risks . . . when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers.").  Therefore, if plaintiff's complaint contained allegations of personal or bodily injury, or made claims for damages based on health risks or product liability, the Court would likely stay the present proceedings pending a transfer decision by the JPML.  The complaint does not, however, allege health risks, nor does it allege that Merck knew of the risks and failed to disclose them.  Rather, it alleges purely economic damages and contains five clear causes of action in connection with the Vioxx recall: breach of contract, common law negligence, negligent

1  misrepresentation, injunctive/equitable/declaratory relief, and violation of the Consumer

2  Protection Act.  Based on the current record, it appears that these causes of action do not involve

3  common questions of fact with those cases consolidated in the Eastern District of Louisiana.

4  Accordingly, a stay is inappropriate.

### IV.  Conclusion

6        For all of the foregoing reasons, it is hereby ORDERED that Merck's motion to stay the

7  proceedings (Dkt. # 10) be DENIED.  Plaintiff's cross-motion to remand for lack of subject

8  matter jurisdiction (Dkt. # 17) is also DENIED.[4]

10       DATED this 27th day of July, 2005.

*Mf S Lasnik*
Robert S. Lasnik
United States District Judge

---

26       [4] The Court GRANTS Merck's unopposed motion to file a surreply (Dkt. # 24) and has
considered the surreply.

28  ORDER REGARDING MOTION TO
STAY AND REQUEST FOR REMAND- 6